**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUSTEES OF INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL 711 HEALTH & WELFARE FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SKY HIGH MANAGEMENT, LLC, <br><br> Defendant. | Civil Action No. 20-9339 (CCC) <br><br> OPINION |

**CECCHI**, District Judge.

Presently before the Court is Plaintiffs'[1] motion for default judgment. ECF No. 11. Defendant Sky High Management, LLC ("Defendant") has not appeared in this case or otherwise responded to this motion. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiffs' motion for default judgment is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs are the employer and employee trustees of labor-management trust funds (the "Trustees"), the labor management funds themselves (the "Funds"), and a union labor organization

---

[1] "Plaintiffs" refers collectively to the following entities: (1) Trustees of International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, (2) Trustees of International Union of Painters and Allied Trades District Council 711 Vacation Fund, (3) Trustees of Painters District Council 711 Finishing Trades Institute, (4) International Union of Painters and Allied Trades District Council 711 Health & Welfare Fund, (5) International Union of Painters and Allied Trades District Council 711 Vacation Fund, (6) Painters District Council 711 Finishing Trades Institute, and (7) International Union of Painters and Allied Trades District Council 711.

1

(the "Union"). ECF No. 1 ("Compl.") at 2–5.  Defendant is an employer with a principal place of business at 940 Mountain Avenue, Mountainside, New Jersey 07092. Id. at 5.  Plaintiffs allege that Defendant was a party to, or agreed to abide by, collective bargaining agreements ("CBAs") and that Defendant has breached said CBAs by failing to make required payments. Id. at 5–9.[2]

Plaintiffs initiated this action on July 23, 2020 by filing a complaint (the "Complaint"), asserting two counts:  (1) failure to remit fringe benefit contributions and administrative dues to the Funds; and (2) failure to remit dues check-offs to the Union. Compl.  The Complaint asserts that the Court has subject matter jurisdiction over this matter pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act (the "LMRA"). Id. at 2.  Defendant was served the summons and Complaint on July 29, 2020 at 940 Mountain Avenue, Mountainside, New Jersey 07092. ECF No. 5.  Defendant did not respond, and no attorney has entered an appearance for Defendant as of the date of this Opinion.  The Clerk of the Court entered default against Defendant for failure to plead or otherwise defend on December 21, 2020.  Plaintiffs now move for default judgment seeking $19,920.19 in unpaid contributions, interest, liquidated damages, and attorney's fees and costs. ECF No. 11-1, ¶ 19.

## II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon a plaintiff's motion, to enter default judgment against a party who has failed to plead or otherwise defend a claim for affirmative relief.  Fed. R. Civ. P. 55(b)(2).  After the clerk enters default pursuant to Rule 55(a), a plaintiff can request default judgment under Rule 55(b)(2). *Id.*; *see Nationwide Mutual Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 Fed. Appx. 519, 521 n. 1 (3d Cir. 2006).  Though "the

---

[2] Defendant was also subject to the "Policy for Collection of Delinquent Contributions," which outlines the relevant procedure in the event of delinquency. ECF No. 11-1, ¶ 2.

2

entry of a default judgment is largely a matter of judicial discretion," the Court must determine that Plaintiffs have stated a sufficient cause of action, accepting the factual allegations in the complaint, except those relating to the amount of damages, as true. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142,1149 (3d Cir. 1990)).

Three factors govern default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). A court has broad discretion in determining the amount of damages and need not hold a hearing if the requested damages have adequate support. *Super 8 Worldwide, Inc. v. Urmita, Inc.*, No. 10-5354, 2011 WL 2909316, at *2.

### III.  DISCUSSION

Preliminarily, the Court notes that is has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff's claims are brought pursuant to ERISA and the LMRA. The Court also has personal jurisdiction over Defendant because it maintains a principal place of business in New Jersey and is therefore subject to general jurisdiction here. *See Trustees of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Sky High Mgmt., LLC*, No. 19-14638, 2020 WL 1698784, at *2 (D.N.J. Apr. 7, 2020). Additionally, the Court finds that Defendant was properly served. ECF No. 5.

#### A.  Legitimate Cause of Action

Next, the Court concludes that Plaintiffs have clearly established a cause of action under both ERISA and LMRA. Plaintiffs allege that Defendant has "failed to remit or has only remitted

a portion of the required contributions to the Funds for the benefit of its employees including, but not limited to, October 1, 2016 through June 30, 2018." Compl. ¶ 23.  Plaintiffs also allege that Defendant has failed to remit Union dues check-offs for the period including, but not limited to, October 1, 2016 through June 30, 2018. Id. ¶ 30.

Plaintiffs may sue under ERISA sections 515 and 502(g)(2), which provide a federal remedy to collect delinquent employer pension plan contributions. *See* 29 U.S.C. §§ 1145, 1132(g)(2). Under ERISA section 515, an "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of the plan or such agreement." 29 U.S.C. § 1145.  If an employer fails to make contributions to an employee benefit fund as required by the CBAs and ERISA section 515, the employer is subject to ERISA section 502(g)(2).  This section is the civil enforcement provision of ERISA, providing for recovery of unpaid contributions, interest, liquidated damages, reasonable attorney's fees and costs, and such other relief as the Court deems appropriate. 29 U.S.C. § 1132(g)(2).  The Court finds that the Complaint alleges sufficient facts to support its claims under ERISA sections 515 and 502(g)(2).

LMRA section 301, the original jurisdiction and substantive basis for suits to collect delinquent benefit fund contributions in federal court, provides that:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185.  Because Plaintiffs are employee benefit trust funds and trustees, Plaintiffs have standing to sue under 29 U.S.C. § 185(a). Compl. at 2–5; *Schneider v. Moving & Storage Co. v.*

4

*Robbins*, 466 U.S. 370, 370–71 (1984) (recognizing that employee benefit trustees are third-party beneficiaries of collective bargaining agreements). The Court also finds that the Complaint alleges sufficient facts to support its claims under LMRA section 301. *See* 29 U.S.C. § 185.

### B.  Default Judgment

The Court must make explicit factual findings as to: (1) the prejudice to Plaintiffs if default is denied; (2) whether Defendant has a meritorious defense; and (3) Defendant's culpability. *Chamberlain*, 210 F.3d at 164.

First, Defendant's failure to remit contributions caused Plaintiffs to suffer a monetary loss of over $13,000. ECF No. 11-1, ¶ 13. Plaintiffs have also been prejudiced by Defendant's failure to answer because they have incurred additional costs, have been unable to move forward with the case, and have been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490–91 (D.N.J. 2009).

Second, the Court finds no basis for Defendant to claim a meritorious defense. Plaintiffs have indicated that they followed the applicable procedures for collecting delinquent payments, but Defendant has refused to submit outstanding payments. ECF No. 11-1, ¶ 12. Moreover, Defendant has failed to appear or plead in this action, which indicates a lack of a meritorious defense. *See York Int'l Corp. v. York HVAC Sys. Corp.*, No. 09-3546, 2010 WL 1492851, at *3 (D.N.J. Apr. 14, 2010).

Third, the Court finds Defendant culpable because it has failed to answer and there is nothing before the Court to show that its failure was not willfully negligent. *See Wyndham Hotels & Resorts, LLC v. J&S Pride, LLC*, No. 15-430, 2016 WL 1366910, at *4 (D.N.J. Apr. 5, 2016) (citations omitted) (finding defendant culpable because there was no evidence to suggest that a defendant's failure to answer was due to anything other than his own willful negligence).

Accordingly, the Court concludes that the three requirements for default judgment have been met and default judgment against Defendant is appropriate.

**C.     Damages**

In support of its motion, Plaintiffs have submitted an affidavit by their attorney explaining the calculation of Defendant's liability as $19,920.19. ECF No. 11-1.

Pursuant to Section 1132(g) of ERISA, Plaintiffs are entitled to (1) the full amount of unpaid contributions; (2) interest on the unpaid contributions; (3) the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent; (4) reasonable attorneys' fees and costs of the action, and (5) other such legal or equitable relief as the Court deems appropriate. 29 U.S.C. § 1132(g)(2). Section 1132(g) also provides that interest on unpaid contributions shall be determined by using the rate specified by the plan, or, if none, the rate prescribed by the IRS. Id.

<u>(1) Unpaid Contributions</u>

Here, the unpaid contributions for the period of October 1, 2016 to July 31, 2018 amount to $13,691.50. ECF No. 11-1, ¶ 13.[3]

<u>(2) Interest</u>

The Policy for Collection of Delinquent Contributions, agreed to by the parties, provides that interest accrues at the rate of 2% above prime. Id. at 22.  Plaintiffs calculated that this would be $2,166.39 for Defendant's failure to remit contributions for the period of October 1, 2016 to July 31, 2018. Id., ¶ 13; id. at 504.

---

[3] The Funds' third-party administrator reviewed Defendant's certified payroll records and confirmed that the amount of Defendant's delinquency for the period of October 1, 2016 through July 31, 2018 is $13,691.50. Id., ¶ 11; *see* ECF No. 13.

### (3) Liquidated Damages

Pursuant to the Policy for Collection of Delinquent Contributions, Plaintiffs are owed liquidated damages in the amount equal to 20% of the contribution. Id. The liquidated damages for the unpaid contributions between October 1, 2016 to July 31, 2018 is $2,738.30. Id., ¶ 13. As the liquidated damages amount is greater than the interest due, pursuant to Section 1132(g)(2)(C), liquidated damages are awarded in addition to interest.

### (4) Attorney's Fees and Costs

Under section 1132(g), Plaintiffs are entitled to reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2)(D). Plaintiffs assert that their attorney's fees and costs total $1,324.00 (consisting of $854.00 in attorney's fees and $470.00 in costs). ECF No. 11-1, ¶¶ 16–18. Plaintiffs based their calculations on a rate of $175.00 per hour for attorneys and $70.00 per hour for paralegals, which the Court finds reasonable in light of the prevailing market rates in the community. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court also finds that the number of hours billed is reasonable in light of the work required in this case. Therefore, under the lodestar approach, the attorney's fees and costs are reasonable. *See Hahnemann Univ. Hosp. v. All Shore Inc.*, 514 F.3d 300, 310 (3d Cir. 2008).

Adding together the sums for unpaid contributions, interest, liquidated damages, and attorney's fees and costs, Plaintiffs' damages currently total $19,920.19.

### IV.   **CONCLUSION**

For the aforementioned reasons, the Court grants Plaintiffs' motion for default judgment (ECF No. 11). Specifically, the Court awards Plaintiffs an amount of $19,920.19 in unpaid

7

contributions, interest, liquidated damages, and attorney's fees and costs.  An appropriate Order follows this Opinion.


Date: August 11, 2021

                                                     s/ Claire C. Cecchi
                                          **CLAIRE C. CECCHI, U.S.D.J.**